# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-635V
Filed: November 2, 2016
Not for Publication

************************************
LAURA M. STOLOWSKI,                     *
                                        *
          Petitioner,                   *
                                        *     Attorneys' fees and costs decision;
v.                                      *     reasonable attorneys' fees and costs
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
          Respondent.                   *
                                        *
************************************

Ramon Rodriguez, III, Richmond, VA, for petitioner.
Justine E. Walters, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 26, 2012, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).  Petitioner alleged she developed rheumatologic disorder, immunologic disorder, rheumatoid arthritis, and other rheumatologic defects as a result of her receipt of the influenza ("flu") vaccine on October 7, 2009.  On March 21, 2016, the undersigned issued a decision awarding petitioner damages pursuant to the parties' stipulation.

On October 27, 2016, petitioner filed a motion for attorneys' fees and costs.  Petitioner requests attorneys' fees in the amount of $47,406.00, attorneys' costs in the amount of $7,502.06,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

and personal costs in the amount of $101.25 for a total request of $55,009.31.

On November 2, 2016, respondent filed a response to petitioner's motion explaining she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  However, respondent argues that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $40,000.00 and $50,000.00."  Id. at 3.  Respondent bases this estimate on "a survey of fee awards in similar cases and her experience litigating Vaccine Act claims."  Id.  Respondent cites two cases in which petitioners were awarded between $40,788.83 and $50,000.00 in attorneys' fees and costs which she purports are "similar" to the instant case.  Id.  These cases both involve stipulated awards of attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent bases her range on "experience in similar cases under the Vaccine Act."  The undersigned does not find respondent's range persuasive.  It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.  Each case in the Vaccine Program is different.  Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

The top of respondent's proposed range of $40,000.00 and $50,000.00 is only approximately $5,000.00 less than petitioner's request of $55,009.31.  Based on her experience and review of the billing records submitted by petitioner, and in light of petitioner's counsel's excellent work and expedited settlement of the case, the undersigned finds that petitioner's total request for attorneys' fees and costs is reasonable.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  **Accordingly, the court awards:**

a. **$54,908.06**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and RawlsMcNelis, P.C. in the amount of **$54,908.06**; and

b. **$101.25**, representing petitioner's costs.  The award shall be in the form of a check for **$101.25** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 2, 2016                                                                 s/ Laura D. Millman
                                                                                                        Laura D. Millman
                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.